IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC JAMES DEBROW,

                Petitioner,

  v.

BRADLEY MLODZIK,[1]

                Respondent.

OPINION and ORDER

24-cv-48-wmc

---

Petitioner Eric James Debrow has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising three proposed claims challenging his conviction for second-degree sexual assault of a child as a persistent repeater in Dane County Case No. 2018CF202.[2] Rule 4 of the Rules Governing Section 2254 Cases requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. When reviewing the petition under Rule 4, the court may take judicial notice of records in Debrow's underlying state court proceedings. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-cv-445-wmc, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). Because the court concludes that Debrow has filed an improper "mixed" petition, meaning that it contains exhausted and unexhausted claims, and that Debrow has not shown good cause to stay this case and hold his unexhausted claims in abeyance pending his

---

[1] The court has revised the caption to reflect the fact that Mlodzik is now the warden of Waupun Correctional Institution, where Debrow is currently incarcerated.

[2] Debrow also was charged with first degree sexual assault of a 13-year old child in a separate incident, and his two cases were consolidated for trial, but Debrow was acquitted on that charge. *See State v. Debrow*, 2022 WI App 49, ¶ 2, 979 N.W.2d 817, *rev'd*, 2023 WI 54, ¶ 2, 408 Wis. 2d 178, 992 N.W.2d 114.

efforts to exhaust them in state court, it will give Debrow three weeks to notify the court whether he wants to dismiss the petition and return to state court to pursue his unexhausted claims, or amend his petition to include only his exhausted claim.

## BACKGROUND[3]

Debrow was charged with second-degree sexual assault of a child under the age of 16 as a persistent repeater after his girlfriend's 13-year-old daughter, Mary, reported that Debrow improperly touched her in January 2018. *Debrow*, 2023 WI 54, ¶ 2; *Debrow*, 2022 WI App 49, ¶ 1. Later, Debrow was also charged with first-degree sexual assault of his girlfriend's 11-year-old daughter, Nancy. *Id*. The cases were consolidated for trial. *Id*.

Prior to trial, Debrow successfully moved to exclude evidence of his 2004 conviction for child sexual assault on the grounds that its probative value was substantially outweighed by the danger of unfair prejudice. *Debrow*, 2023 WI 54, ¶ 3. However, the court denied his additional motions to exclude a pornographic video he had on his computer and evidence related to a separate incident in which Mary woke up to find Debrow in her bedroom. *Debrow*, 2022 WI App 49, ¶ 1.

At trial, Mary's brother, Isaac, testified that he became suspicious of Debrow after looking him up on "CCAP," which stands for Consolidated Court Automation Programs. *Id*. at ¶ 9. Debrow moved for a mistrial on the grounds that Isaac's statement was inadmissible as it pertained to Debrow's prior sexual assault conviction. *Debrow*, 2023 WI 54, ¶ 10. The circuit

---

[3] The following facts are taken from the state court of appeals' decision reversing Debrow's state conviction, the state supreme court's decision reversing the court of appeals' decision and affirming Debrow's conviction, and publicly available state court records. *See State v. Debrow*, 2023 WI 54, 408 Wis. 2d 178, 992 N.W.2d 114 (reversing *Debrow*, 2022 WI App 49); Wisconsin Court System Case Search, https://wcca.wicourts.gov.

court denied Debrow's motion, and the trial proceeded to its conclusion without Debrow renewing his motion for a mistrial. *Id*. at ¶ 13. The jury convicted Debrow of second-degree sexual assault of Mary and found Debrow not guilty of first-degree sexual assault of Nancy. *Id*. Pursuant to the persistent repeater statute, the circuit court sentenced Debrow to life imprisonment without the possibility of release on extended supervision. *Id*.

On appeal, Debrow argued that he was entitled to a new trial because the circuit court had made three errors: (1) denying Debrow's motion for a mistrial; (2) allowing evidence of a pornographic video that Debrow had on his computer; and (3) allowing other acts evidence involving a separate incident in which Mary woke up to find Debrow in her bedroom. *Debrow*, 2022 WI App 49, ¶ 11. The appellate court granted Debrow's motion for a new trial based on its determination that the circuit court erroneously exercised its discretion in denying Debrow's mistrial motion. *Id*. at ¶¶ 36-37. Nonetheless, it upheld the circuit court's decision to admit evidence that Debrow had searched for and watched a pornographic video and had entered Mary's room during the night on a separate occasion from the charged act. *Id*. at ¶¶ 38-56.

The State filed a petition for review in the Wisconsin Supreme Court, which reversed and upheld Debrow's conviction on June 23, 2023, finding that the court of appeals improperly focused on the sufficiency of the circuit court's curative instruction, which Debrow did not challenge on appeal. *Debrow*, 2023 WI 54, ¶ 19. However, the state supreme court did not address the court of appeals' holdings regarding the video and other acts evidence. Debrow did not file a petition for a writ of certiorari in the United States Supreme Court, nor any other petition or motion in state court. However, he timely filed his habeas petition in this court on January 22, 2024.

3

OPINION

Debrow challenges his conviction on three grounds: (1) his trial counsel was ineffective for failing to renew Debrow's motion for a mistrial at the end of trial; (2) the circuit court erroneously admitted evidence that he had a pornographic video on his computer; and (3) the circuit court erred in consolidating his two, separate sexual assault charges for trial. However, 28 U.S.C. § 2254 requires a petitioner to first "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A) and (c). To exhaust his federal claims in state court, Debrow must assert them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *See Wilson*, 58 F.4th at 319. While Debrow raised his second claim regarding the video on direct appeal, he did not argue on direct appeal or in any postconviction motion that his trial counsel was ineffective for failing to move for a mistrial at the end of trial (claim no. 1) or that the circuit court erred in consolidating his sexual assault charges for trial (claim no. 3). Indeed, Debrow states in his petition that he has not filed any other petition, application, or motion other than his direct appeal. (Dkt. #1, at 3.)

Ordinarily, when a habeas petition contains exhausted and unexhausted claims, the court must dismiss it, "leaving the [petitioner] with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Nonetheless, courts have discretion to stay the case and hold the unexhausted claims in abeyance while a petitioner returns to state court to exhaust them. *See Rhines v. Weber*,

4

544 U.S. 269, 275-76 (2005). However, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277.

Here, Debrow has not shown good cause for his failure to exhaust claim nos. 1 and 3. While Debrow faults his appellate counsel for not raising these claims on appeal, he fails to argue that his appellate counsel's failure to raise these claims on appeal "in any way delayed or undermined *his* ability to exhaust [them in state court]." *Yeoman v. Pollard*, 875 F.3d 832, 836 (7th Cir. 2017). Indeed, Debrow could have filed a petition for writ of habeas corpus in the state court of appeals, alleging ineffective assistance of appellate counsel. *See Northern v. Boatwright*, 594 F.3d 555, 558 (7th Cir. 2010) (Under Wisconsin law, "a habeas corpus petition filed in the court of appeals is the proper vehicle for raising claims of ineffective assistance of appellate counsel."). While Debrow may not have realized that he could have pursued that relief, his lack of legal knowledge, legal mistake, or status as an unrepresented litigant does not constitute good cause for purposes of a *Rhines* stay. *See Yeoman*, 875 F.3d at 838 (holding that allowing circumstances common to all pro se prisoners to establish good cause would undermine *Rhines'* directive that a stay and abeyance should be available in limited circumstances); *Brown v. Gaetz*, No. 10C1463, 2015 WL 1976366, at *7 (N.D. Ill. May 1, 2015) ("The mere fact that a prisoner acting pro se is incarcerated and lacks legal knowledge is insufficient to demonstrate good cause [for a stay under *Rhines*]."). Additionally, Debrow does not make a persuasive showing that his unexhausted claims have merit. He provides no facts showing that the circuit court

5

would have changed course and granted him a mistrial had his trial counsel renewed the motion at the end of trial. Indeed, the state supreme court was unequivocal in its finding that the circuit court did not err in the exercise of its discretion when it denied Debrow's motion for mistrial in the first instance. *Debrow*, 2023 WI 54, ¶¶ 16-18. Similarly, Debrow fails to allege facts suggesting that he was prejudiced by the consolidated trial, particularly because the jury considered both charges but found him guilty only on one of them.

Accordingly, the court will give Debrow until May 27, 2025, to choose whether to: (1) return to state court to exhaust his first and third claims; or (2) amend his petition to present only his exhausted claim 2 to this court. Debrow should be aware that filing a federal habeas petition does not toll § 2244(d)(1)'s statute of limitations, so returning to state court to exhaust claim nos. 1 and 3 will most likely result in a future petition being dismissed as untimely. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Debrow should advise the court of his choice in a short notice not to exceed one page. If Debrow opts to bring only claim 2, there is no need for him to file an amended petition, as the court will screen only claim 2. If Debrow does not notify the court of his decision within 21 days, the court will deem claims 1 and 3 abandoned and will screen claim 2.

ORDER

IT IS ORDERED that

1) Petitioner Eric James Debrow has until **May 27, 2025**, to file a short notice, not to exceed one page, stating whether he wants to return to state court to exhaust his unexhausted claims or amend his petition to include only his exhausted claim 2.

2) If petitioner doesn't file the notice by this deadline, the court will deem claims 1 and 3 abandoned and screen claim 2.

3) The clerk of court is directed to send petitioner a copy of this order.

Entered this 5th day of May, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge